UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE STERRETT,<br><br>                               Plaintiff,<br>   vs.<br><br>DEPARTMENT OF THE NAVY,<br><br>                              Defendant. | CASE NO. 09-CV-2083 - IEG (POR)<br><br>ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS MOOT<br><br>[Doc. No. 6] |

      The present action concerns Plaintiff's requests for production of documents under the Freedom of Information Act ("FOIA") and the Privacy Act. Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint as Moot. [Doc. No. 6]. Having considered the parties' arguments, and for the reasons set forth below, the Court GRANTS Defendant's motion to dismiss.

**BACKGROUND**

      Plaintiff's Complaint alleges that in or about January 2009 the Inspector General ("IG") for Defendant's Southwest Regional Maintenance Center ("SWRMC") in the County of San Diego commenced an investigation of Plaintiff regarding certain alleged non-criminal, employment-related conduct. (Compl. ¶ 3.) As part of that investigation, the IG interviewed Plaintiff and other persons, obtained affidavits, and obtained other documents (collectively, the "investigation material"). (Id.) Based on the investigation material, the IG prepared an Investigative Report, which Plaintiff alleges was completed in May 2009. (Id. ¶ 4.)

1   On June 9, 2009, Plaintiff sent a written FOIA request to the SWRMC requesting a copy of the Investigative Report. (Id. ¶ 12; Young Decl., Ex. A.) In a letter dated June 17, 2009, the SWRMC acknowledged receipt of Plaintiff's FOIA request, and stated that the "investigative report has not been completed." (Young Decl., Ex. B.) The letter further stated that "[a]s soon as the investigative report is completed, we will mail you a copy pursuant to the provisions of the Privacy Act (PA)." (Id.)

On August 21, 2009, allegedly relying on the Investigative Report and investigation material, the SWRMC issued Plaintiff a notice proposing the termination of her employment. (Compl. ¶ 6) On August 27, 2009, Plaintiff requested from the SWRMC certain investigation material, so that she could adequately respond to the removal proposal.[1] (Id. ¶ 7; Tooks Decl., Ex. C.) Defendant responded to Plaintiff's request on September 1, 2009, by providing Plaintiff with a redacted copy of the Investigative Report previously requested. (See Tooks Decl., Ex. D.) Defendant's response also indicated that the investigation was still considered "open and ongoing." (Id.)

Plaintiff commenced the current action on September 23, 2009. [Doc. No. 1]. On October 2, 2009, Plaintiff sent a second written FOIA request to the SWRMC, this time requesting material related to the IG investigation. (Tooks Decl., Ex. E.) Defendant responded to this request on November 4, 2009, providing Plaintiff with certain requested material identified therein. (See id., Ex. F.) On October 15, 2009, the SWRMC also released to Plaintiff a fully unredacted copy of the Investigative Report. (Barley Decl. ¶ 5.)

Defendant filed the present motion on November 23, 2009, seeking dismissal of Plaintiff's Complaint as moot pursuant to Fed. R. Civ. P. 12(b)(1). Defendant's motion also asks the Court to find Plaintiff is not entitled to recovery of attorney's fees under 5 U.S.C. § 552(a)(4)(E)(i). Plaintiff filed an opposition on December 21, 2009, and Defendant filed a reply on December 28, 2009. [Doc Nos. 7, 8]. The Court subsequently took the case under submission, vacating the hearing date previously set for January 4, 2010. [Doc. No. 9].

///

///

---

[1] The parties agree that Plaintiff's August 27, 2009 request was not a proper request under the FOIA or the Privacy Act. (See Def. MTD, at 6-7; Barley Decl. ¶ 3 & Ex. A; Pl. Opp., at 2.)

**DISCUSSION**

**I.     Motion to dismiss Plaintiff's Complaint as moot**

<u>A.</u>     <u>Legal standard</u>

Federal courts lack jurisdiction to consider moot claims. <u>Church of Scientology of Cal. v. United States</u>, 506 U.S. 9, 12 (1992) (citations omitted). Thus, if an event occurs while a case is pending that makes it impossible for the court to grant any "'effective relief,'" the claim is moot and must be dismissed. <u>Am. Rivers v. Nat'l Marine Fisheries Serv.</u>, 126 F.3d 1118, 1123 (9th Cir. 1997) (citations omitted). "In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." <u>Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency</u>, 581 F.3d 1169, 1173 (9th Cir. 2009) (citation omitted). A motion to dismiss the complaint as moot may be properly raised by a Rule 12(b)(1) motion. See <u>Bland v. Fessler</u>, 88 F.3d 729, 732 n.4 (9th Cir. 1996).

The party alleging mootness bears a "'heavy burden'" in seeking dismissal. <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 189 (2000) (citation omitted). It must show that it is "'absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur.'" <u>Id.</u> (citation omitted). In the present case, this means Defendant must demonstrate it has produced all of the documents requested in Plaintiff's complaint. See <u>Rosemere</u>, 581 F.3d at 1173.

<u>B.</u>     <u>Analysis</u>

Plaintiff's complaint seeks release of two categories of documents: (1) the Investigative Report, and (2) the investigation material related to the IG's investigation of Plaintiff. (Compl., at 3.) Defendant alleges that all of these materials have now been released to Plaintiff, thereby making the present action moot. Moreover, with respect to the second category of documents, Defendant contends the action should be dismissed because Plaintiff filed the suit before exhausting her administrative remedies. Plaintiff does not appear to dispute the substance of Defendant's motion, except to the extent it alleges that all of the requested documents were produced. According to Plaintiff, Defendant

released recordings of only 29 interviews conducted by the IG, instead of the 38 indicated.[2] Finally, Plaintiff also alleges Defendant did not provide her with a third page of one of the documents.[3]

### 1. *Plaintiff's claim for release of the Investigative Report is moot*

Under the FOIA, federal jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." <u>Kissinger v. Reporters Comm. for Freedom of the Press</u>, 445 U.S. 136, 150 (1980). Each of these criteria must be met before a district court can force the agency to comply with the FOIA request. <u>U.S. Dep't of Justice v. Tax Analysts</u>, 492 U.S. 136, 142 (1989). Federal courts have routinely held that an action for production of documents pursuant to the FOIA or the Privacy Act becomes moot once the requested documents have been produced, regardless of when they are produced. <u>See, e.g.</u>, <u>Papa v. United States</u>, 281 F.3d 1004, 1013 (9th Cir. 2002) ("[T]he production of all nonexempt material, 'however belatedly,' moots FOIA claims." (citations omitted)); <u>Carter v. Veterans Admin.</u>, 780 F.2d 1479, 1481 (9th Cir. 1986) (same); <u>Crooker v. U.S. State Dep't</u>, 628 F.2 9, 10 (D.C. Cir. 1980) (same); <u>Lapka v. Chertoff</u>, 517 F.3d 974, 987 (7th Cir. 2008) (production of documents, even if "late," moots a Privacy Act claim).

In the present case, Plaintiff was provided with a redacted copy of the Investigative Report when Defendant replied to her August 27, 2009 request–almost three weeks before Plaintiff commenced this action. (<u>See</u> Barley Decl. ¶ 4; Tooks Decl. ¶ 4.) Subsequently, on October 15, 2009, Plaintiff was provided with an unredacted copy of the report. (<u>See</u> Barley Decl. ¶ 5; Richardson Decl. ¶ 5 (Nov. 17, 2009); Young Decl. ¶ 5.) Plaintiff does not allege there is anything else that should be provided with respect to this category of documents. Accordingly, seeing as the Investigative Report has already been released to Plaintiff as requested–even if belatedly–Plaintiff's claim in this regard is moot and must be dismissed. <u>See</u> <u>Papa</u>, 281 F.3d at 1013; <u>Carter</u>, 780 F.2d at 1481.

---

[2] According to Plaintiff, the Investigative Report identified 38 persons who were interviewed by the IG. (<u>See</u> Pl. Opp., at 5.) The November 4, 2009 letter from the SWRMC indicated that it was releasing to Plaintiff "[t]wo CDs that contain a recorded SWRMC IG's interview of all witnesses." (Young Decl., Ex. D.) However, according to Plaintiff, the recorded interviews of the following witnesses were not found on the CDs: (1) Capt. Miles Esmele, (2) Capt. Matthew Feely, (3) Mr. Kevin Gannon, (4) Mr. Kurt Garbow, (5) Mr. Robert Hickey, (6) Mr. Dave Klein, (7) Mr. Mike Maloney, (8) Mr. Phil Marco, and (9) Ms. Corrine Sparkman. (Pl. Opp., at 5.)

[3] The document in question is the Privacy Act Statement signed by Plaintiff. (Pl. Opp., at 5.) According to Plaintiff, the third page of that document–which contained a "Witness False Statement Warning"–was not released. (<u>Id.</u>; <u>see also</u> Tooks Decl., Ex. J.)

### 2. *Plaintiff's claim for release of the investigation material is not moot*

Plaintiff's request for production of the investigation material does not appear to be moot. On August 27, 2009, Plaintiff requested from the SWRMC certain investigation material, so that she could adequately respond to the removal proposal.[4] (Compl. ¶ 7; Tooks Decl., Ex. C.) Plaintiff filed suit in this case on September 23, 2009. [Doc. No. 1]. On October 2, 2009, Plaintiff sent a written FOIA request to the SWRMC, requesting material related to the IG investigation. (Tooks Decl., Ex. E.) Defendant responded to this request on November 4, 2009, providing Plaintiff with certain requested material identified therein. (See id., Ex. F.) According to Defendant, the material released constituted all of the investigation material requested by Plaintiff. (Def. MTD, at 4-5; Young Decl. ¶ 7, Ex. D.)

Plaintiff, however, contests Defendant's allegation that *all* of the requested investigation material was released to her. Plaintiff points out that some of the requested material–such as 9 out of the 38 recorded interviews and the third page of Plaintiff's Privacy Act Statement–was not produced. (Pl. Opp., at 4-5; see also Tooks Decl., Ex. J; Young Decl., Ex. D.) As already noted, Defendant bears a "'heavy burden'" in demonstrating that Plaintiff's claims are moot. See Friends of the Earth, 528 U.S. at 189 (citation omitted). Because Defendant apparently failed to produce all of the requested documents, even if that failure was inadvertent, a live controversy still remains and Plaintiff's claim for production of the investigation material cannot be dismissed as moot. See Papa, 281 F.3d at 1013.

### 3. *Plaintiff failed to exhaust her administrative remedies*

Plaintiff's claim for production of the investigation material fails, nonetheless, because Plaintiff did not exhaust her administrative remedies as required by the Privacy Act. The Privacy Act provides that each agency that maintains a system of records shall "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." 5 U.S.C. § 552a(d)(1). A civil action may be brought whenever any agency "refuses to comply with an individual request under subsection (d)(1)." Id. § 552a(g)(1)(B). In any

---

[4] As previously noted, the parties agree that Plaintiff's August 27, 2009 request was not a proper request under the FOIA or the Privacy Act. (See supra n.1.)

1 action brought under subsection (g)(1)(B), the court may, as a remedy, "enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." Id. § 552a(g)(3)(A).

The Privacy Act nowhere explicitly says that exhaustion of remedies is a prerequisite to a suit being maintained for denial of access to documents. However, such exhaustion is implicit in the Act. In a similar context under the FOIA, exhaustion of administrative remedies is a requirement before a party can seek judicial review. See In re Steele, 799 F.2d 461, 465-66 (9th Cir. 1986). Exhaustion of remedies is also required for a claim under the Privacy Act that the agency failed to amend the plaintiff's individual record as requested. See Hewitt v. Gribicki, 794 F.2d 1373, 1377-78 (9th Cir. 1986). Accordingly, although the Ninth Circuit has not explicitly held so yet, there is no doubt the exhaustion of administrative remedies is a prerequisite before a federal court can review a Privacy Act claim seeking access to documents.[5]

In the present case, Plaintiff failed to exhaust her administrative remedies before bringing a claim for production of the investigation material. Privacy Act requires each agency to promulgate rules that establish procedures "for the disclosure to an individual upon his request of his record or information pertaining to him." 5 U.S.C. § 552a(f)(3). As applicable to this case, the Navy regulations expressly provide that requests for access to IG records must be addressed to the PA systems manager, the office of the Naval IG in Washington, or the relevant command's IG office. See 32 C.F.R. § 701.107; System of Records, 66 Fed. Reg. 58,132, 58,133 (Nov. 20, 2001).

---

[5] Although the Ninth Circuit has not explicitly held that exhaustion is required with regard to a claim seeking access to documents, other district courts in this circuit to consider the issue have so held. See, e.g., Tangarila v. Potter, No. CIV S-06-0384 FCD GGH PS, 2008 WL 2633239, at *18 (E.D. Cal. June 25, 2008) (citing Hill v. U.S. Air Force, 795 F.2d 1067, 1069 (D.C. Cir. 1986), and Hewitt v. Grabicki, 596 F. Supp. 297, 303 (D. Wash. 1984)); Bettwiser v. Lucas, No. 06-CIV-0142-WFN, 2007 WL 2187057, at *3 (D. Idaho July 27, 2007) (citing Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990)); McColm v. S.F. Housing Authority, No. C 02-5810 PJH, 2007 WL 1575883, at *11 (N.D. Cal. May 29, 2007) (citing Dilberti v. United States, 817 F.2d 1259 (7th Cir. 1987)).

Moreover, the Ninth Circuit's opinion in Hewitt v. Gribicki, 794 F.2d 1373, is instructive. There, the court held that while exhaustion of remedies was not required for a claim for damages under the Privacy Act, it was required with respect to a claim under the Privacy Act that the agency failed to amend the plaintiff's individual record. Id. at 1377-79. A claim seeking access to documents asks the Court to order the agency to do something that it is required to do under the Privacy Act, and therefore is more akin to a claim that the agency failed to amend as required by the Act, rather than to a claim for damages. Accordingly, exhaustion of remedies is a prerequisite to filing suit. See id.

1  By mailing her request for production of the investigation material to Mr. Dan Barley, Commander Navy Region Southwest, (Tooks Decl., Ex. C), instead of one of the above-mentioned individuals, Plaintiff failed to comply with the Navy's regulations, and accordingly failed to exhaust her administrative remedies with respect to that claim.[6] See Bettwiser, 2007 WL 2187057, at *3 (dismissing a Privacy Act claim for failure to exhaust administrative remedies where the plaintiff submitted an appeal to the manager of Labor Relations of the local USPS, instead of the General Counsel in Washington, DC as required by the USPS regulations); Smith v. Reno, No. C-93-1316-VRW, 1996 WL 224994, at *3 (N.D. Cal. Apr. 23, 1996) (plaintiff failed to exhaust her administrative remedies where she attempted to obtain records from the Department of Housing and Urban Development ("HUD") by sending a request to the National Records Administration, instead of an HUD information center as required by 24 C.F.R. § 15.41(a)). Accordingly, although Plaintiff's request for production of the investigation material is not moot, that claim must nevertheless be dismissed because Plaintiff failed to exhaust her administrative remedies.

**II.  Plaintiff's eligibility for an award of attorney's fees**

Plaintiff's Complaint also alleges she is entitled to an award of reasonable attorney's fees and costs with respect to her FOIA and Privacy Act claims. (Compl. ¶¶ 8, 14.) Defendant requests the Court find that Plaintiff is not entitled to a fee award because the filing of the lawsuit was not the "catalyst" for the production of the Investigative Report and because Plaintiff's claim for production of the investigation material was premature due to her failure to exhaust administrative remedies.

A.  <u>Plaintiff's FOIA claim for production of the Investigative Report</u>

*1.  Legal standard*

In order to obtain an award of attorney's fees under the FOIA, a plaintiff must demonstrate both *eligibility* and *entitlement* to such a recovery. Long v. U.S. Internal Revenue Serv., 932 F.2d 1309, 1313 (9th Cir. 1991). As far as eligibility goes, the FOIA provides that the court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any

---

[6] Of course, failure to exhaust administrative remedies is not necessary when doing so "would be futile." Singh v. Ashcroft, 362 F.3d 1164, 1169 (9th Cir. 2004) (citation omitted). Plaintiff, however, makes no such argument in this case. Moreover, seeing as Defendant produced most of the documents immediately after the suit was filed and after Plaintiff sent a formal FOIA / Privacy Act request, it is unlikely that a timely request prior to filing suit would have been "futile."

1  case under this section in which the complainant has substantially prevailed." 5 U.S.C. §
2  552(a)(4)(E)(i). A complainant has "substantially prevailed" if she has obtained relief through either
3  "a judicial order, or an enforceable written agreement or consent decree" or "a voluntary or unilateral
4  change in position by the agency, if the complainant's claim is not insubstantial." Id. §
5  552(a)(4)(E)(ii). Moreover, even if the underlying action has become moot due to production of
6  documents, the attorney's fee issues "survive independently under the court's equitable jurisdiction."
7  Carter, 780 F.2d at 1481.

8  Once a court determines that a plaintiff is eligible for a fee award, it may then determine
9  whether she is entitled to such an award. Long, 932 F.2d at 1313. In doing so, the district court must
10 consider the following criteria: "(1) the public benefit from disclosure, (2) any commercial benefit to
11 the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records,
12 and (4) whether the government's withholding of the records had a reasonable basis in law." Id.
13 (citations omitted). These factors are not exhaustive, however, and the court may take into
14 consideration whatever other factors it deems relevant to the question of entitlement. Id.

15 *2.   Analysis*

16 In the present case, Plaintiff is not eligible for a fee award under the FOIA because she cannot
17 show there was a voluntary or unilateral "change in position" by Defendant. To be eligible, Plaintiff
18 must show that: "(1) the filing of the action could reasonably have been regarded as *necessary* to
19 obtain the information; and (2) the filing of the action had a *substantial causative* effect on the
20 delivery of the information." Church of Scientology of Cal. v. U.S. Postal Service, 700 F.2d 486, 489
21 (9th Cir. 1983) (emphases in original) (citation omitted). In the present case, Plaintiff was provided
22 with a copy of the Investigative Report, with witnesses' names redacted, on September 3–almost three
23 weeks *before* this action was filed. (Barley Decl. ¶ 4; Tooks Decl., Ex. D.) Defendant alleges, and
24 Plaintiff does not appear to dispute, that the redacted information was properly withheld under the
25 FOIA, and therefore Plaintiff was not entitled to more under the FOIA. See 5 U.S.C. § 552(b)(7)(C)
26 (allowing an agency to withhold information "compiled for law enforcement purposes," the release
27 of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy").
28 Moreover, even if Plaintiff was entitled to an unredacted copy of the Investigative Report, it

appears the decision to release the unredacted report to Plaintiff was not motivated by the filing of the lawsuit. Rather, as far back as June 2009, the SWRMC indicated its willingness to release the report as soon as it was completed. (See Young Decl., Ex. B.) Once it became clear the redacted version was not satisfactory, Defendant had to obtain confidentiality waivers before the unredacted version could be released.[7] (See Richardson Decl. ¶¶ 3-5 (Nov. 11, 2009); Richardson Reply Decl. ¶¶ 3-6 (Dec. 24, 2009); Richardson Supp. Decl. ¶¶ 2-3, Ex. A (Jan. 5, 2010).) Accordingly, because the decision to release the unredacted version of the report appears to have been made before the suit was commenced, the filing of the action was not "a *substantial causative* effect on the delivery of the information," and Plaintiff is not eligible for a fee award. See Church of Scientology, 700 F.2d at 489 (citation omitted); see also Short v. U.S. Army Corps of Eng'rs, 613 F. Supp. 2d 103, 107 (D. D.C. 2009) (concluding that the suit was not the cause of disclosure where the agency "had already decided to release the requested records" prior to plaintiff's filing of the lawsuit); Kuffel v. U.S. Bureau of Prisons, 882 F. Supp. 1116, 1127 (D. D.C. 1995) (concluding that the plaintiff was not eligible for an award of fees where disclosure was due to "routine administrative processing" (citation omitted)).

For the foregoing reasons, Plaintiff has not shown that she is eligible for an award of attorney's fees and costs pursuant to the FOIA. Accordingly, the Court need not address whether Plaintiff is *entitled* to such an award. See Long, 932 F.2d at 1313.

B.   Plaintiff's Privacy Act claim for production of the investigation material

Finally, with respect to Plaintiff's claim for production of the investigation material pursuant to the Privacy Act, a fee award would be improper because Plaintiff failed to exhaust her administrative remedies. See Haase, 893 F.2d at 375 (concluding that the court could not award fees under the Privacy Act where plaintiff failed to exhaust her administrative remedies).

---

[7] Plaintiff disputes that the production of the Investigative Report was delayed by the need to obtain confidentiality waivers. (Pl. Opp., at 4.) In support of her position, Plaintiff appears to point to an October 9, 2009 email from Grace Young, the SWRMC's FOIA and Privacy Act coordinator, to Debra Richardson, the SWRMC's IG. (See Tooks Decl., Ex. H.) In that email, Ms. Young noted: "We are being sued by Michele Sterrett. Please let us know when we can get the final copy of the IG report to respond to Michele's FOIA request." (Id.) However, the Court finds no inconsistency between this statement and Defendant's assertion that confidentiality waivers were already being sought when the lawsuit was filed. On the contrary, the exhibits submitted in support of Defendant's motion indicate that at least two of those waivers were obtained before or on the date that the lawsuit was filed. (See Richardson Supp. Decl., Ex. A (Jan. 5, 2010).)

**CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff's claim for production of the Investigative Report is moot, and that Plaintiff failed to exhaust her administrative remedies with respect to her claim for production of the investigation material. Accordingly, the Court **GRANTS** Defendant's motion and **DISMISSES** both claims. Moreover, the Court concludes that Plaintiff is not eligible for an award of attorney's fees and costs under the FOIA or the Privacy Act.

**IT IS SO ORDERED.**

DATED: January 20, 2010

IRMA E. GONZALEZ, Chief Judge
United States District Court